**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

**RODERIC JAMES MCCORD,**

*Plaintiff,*

-v-

**THE STATE OF NEW YORK and THE NEW YORK STATE UNIFIED COURT SYSTEM / OFFICE OF COURT ADMINISTRATION,**

*Defendants.*

**Case No.: 1:26-cv-______ (Severed Standalone Action Pursuant to Fed. R. Civ. P. 20 & 21 and SDNY Order Doc. 35)**

**COMPLAINT FOR COMPENSATORY DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

- **TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 ET SEQ.)**
- **SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. Plaintiff *pro se*, Roderic James McCord, a 100% service-connected disabled military veteran, brings this civil rights action against Defendants, **THE STATE OF NEW YORK** and **THE NEW YORK STATE UNIFIED COURT SYSTEM / OFFICE OF COURT ADMINISTRATION (OCA)**, to enforce the non-discrimination mandates of *Title II of the Americans with Disabilities Act of 1990 ("ADA")*, *42 U.S.C. § 12131 et seq.*, and *Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.*
2. This standalone federal action is brought pursuant to the U.S. Supreme Court's binding precedent in *Tennessee v. Lane*, 541 U.S. 509 (2004), which explicitly abrogated state sovereign immunity under Title II of the ADA for state court access deprivations, and pursuant to the October 8, 2026 Order of Service issued by the Hon. Gregory H. Woods, U.S.D.J., in *McCord v. Cohen et al.*, *SDNY Case No. 1:26-cv-03442-GHW* (Doc. 35, pp. 11–12), which severed Plaintiff's Title II ADA claims without prejudice for standalone prosecution.
3. Defendants, through their administrative policies, computer database manipulations, court staff gatekeeping, and refusal to provide mandatory disability accommodations during emergency weather conditions, have intentionally and systematically excluded Plaintiff from meaningful access to state court services, facilities, records, and appellate machinery. Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages to remedy these institutional violations.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. § 1331* (federal question jurisdiction) and *28 U.S.C. § 1343(a)(3) and (4)* (civil rights jurisdiction), as this action arises under *Title II of the ADA, 42 U.S.C. § 12131 et seq.*, and *Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.*
2. *Under 42 U.S.C. § 12133 and 29 U.S.C. § 794a*, Congress provided private rights of action for money damages and injunctive relief against public entities violating *Title II of the ADA and Section 504 of the Rehabilitation Act.*
3. Defendants hold **zero sovereign immunity** under the Eleventh Amendment for claims brought under *Title II of the ADA* seeking to enforce the constitutional right of equal access to the courts. *Tennessee v. Lane*, *541 U.S. 509, 533–34 (2004).*
4. Venue is proper in the Southern District of New York pursuant to *28 U.S.C. § 1391(b)(1) and (2)* because Defendants administer court operations within this judicial district, and a substantial part of the events and omissions giving rise to these claims occurred in New York County.

## PARTIES

1. **Plaintiff Roderic James McCord** is a qualified individual with a disability within the meaning of *42 U.S.C. § 12131(2) and 29 U.S.C. § 705(20)(B).* Plaintiff is a 100% service-connected disabled United States Army veteran residing in Manhattan, New York. Plaintiff suffers from severe mobility impairments and medical conditions resulting from his military service, which substantially limit major life activities, including walking, standing, and traveling during extreme weather emergencies.
2. **Defendant The State of New York** is a public entity subject to *Title II of the ADA, 42 U.S.C. § 12131(1)(A),* and receives federal financial assistance within the meaning of *Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.*
3. **Defendant The New York State Unified Court System / Office of Court Administration ("OCA")** is the administrative arm of the New York State judiciary established pursuant to *Article VI, Section 28 of the New York State Constitution*, responsible for the operation, record-keeping, transcript distribution, ADA accommodation compliance, and administration of all state courts. OCA is a public entity within the meaning of *42 U.S.C. § 12131(1)(B)* and receives federal financial assistance under *29 U.S.C. § 794.*

## SEVERANCE AND PROCEDURAL BACKGROUND

1. On October 8, 2026, District Judge Gregory H. Woods issued an Order of Service in *McCord v. Cohen et al.*, SDNY Case No. 1:26-cv-03442-GHW (Doc. 35).
2. In Doc. 35, Judge Woods specifically analyzed Plaintiff's Title II ADA claims against Defendants regarding state court administration and hold as follows:
   *"Plaintiff's ADA claim against the State of New York... arises from allegations that his state-court lawsuits were adjudicated improperly and in a discriminatory manner... Accordingly, the Court severs Plaintiff's ADA claim against the State of New York and dismisses that claim without prejudice to his bringing that claim in a separate civil action."* (Doc. 35, p. 12).

3. This Complaint is filed in direct compliance with Doc. 35 as a standalone, severed civil action against the public entities responsible for court-access administration.

## FACTUAL ALLEGATIONS

### I. Arbitrary Dismissal and Denial of Accommodation During Citywide Emergency Weather Advisory (January 27, 2026)

1. Plaintiff was the *pro se* plaintiff in a severe medical malpractice action pending in Supreme Court, New York County, detailing twenty-four (24) documented instances of physical abuse, neglect, and medical injury.
2. On January 27, 2026, New York City was struck by a historic winter storm, prompting the Mayor of New York City and emergency management agencies to issue an official Hazardous Travel Advisory.
3. Due to his 100% service-connected mobility disabilities, Plaintiff was physically unable to navigate hazardous, icy public transit and requested a reasonable accommodation/adjournment of a scheduled court conference.
4. Defendant, through its court operations, denied Plaintiff a reasonable accommodation, disregarded the municipal emergency advisory, falsely characterized hazardous snow conditions as "trace snow," and summarily dismissed Plaintiff's 24-count medical malpractice action for non-appearance.
5. Defendant's policy and practice of refusing emergency travel accommodations to mobility-impaired litigants directly deprived Plaintiff of equal access to court proceedings on the basis of his disability.

**II. Fraudulent Computer System Manipulation & Appellate Gatekeeping (March 11, 2026 – May 15, 2026)**

1. Plaintiff instituted a separate civil rights action in Supreme Court, New York County, under Index No. 101189/2025.
2. Following Plaintiff's attempts to seek federal oversight regarding disability accommodation failures, Defendants' electronic court system was fraudulently altered. On or about March 11, 2026, a retroactive "Disposition Date" was inserted into the OCA computer database, marking the case closed.
3. No motion was pending, no hearing occurred on March 11, 2026, and no written order or Notice of Entry was ever issued or served upon Plaintiff.
4. On May 15, 2026, when Plaintiff attempted to exercise his statutory right to file a Notice of Appeal, Appellate Division Clerk Kam Yuen explicitly refused to file the appeal, stating verbatim: *"there isn't a real order... that exists."*
5. Defendants created a structural, administrative "ghost dismissal" on the electronic court registry without generating a written, appealable order—thereby locking a disabled litigant out of state appellate machinery entirely.

**III. Certified On-The-Record Prohibition of Federal Notices and Forced Counsel (September 16, 2026)**

1. In ongoing proceedings in New York Criminal Court (Docket No. CR-032504-25NY), Plaintiff appeared *pro se* and sought to file a Notice of Supplemental Authority to inform the state bench of active federal civil rights proceedings (*McCord v. Cohen et al.*, SDNY Case No. 1:26-cv-03442-GHW).
2. As documented in the official certified stenographic transcript dated September 16, 2026 (Exhibit A to SDNY Doc. 32), the court explicitly barred Plaintiff from filing federal notices, ruling on the record:
   *"Mr. McCord, you are no longer permitted to file any type of notices or legal documents with this Court because you are not an attorney and you are not representing yourself."* (Tr. p. 8, L. 13–17).
3. When Plaintiff asserted his absolute Sixth Amendment right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), the court forced assigned counsel upon Plaintiff over his explicit objection:
   *"THE DEFENDANT: I have my sixth amendment right. I didn't agree to this attorney. I can fire him. I have the right to fire any attorney." "THE COURT: I have appointed him. He is representing you."* (Tr. p. 8, L. 18–22).
4. Defendants utilized forced assigned counsel as an administrative barrier to strip a disabled litigant of direct access to the court docket and suppress notices of federal court oversight.

**IV. Financial Barrier to Court Records & Peer-to-Peer Cash Demands (September 16, 2026)**

1. As certified in the September 16, 2026 transcript, official Court Reporter Gina Capo demanded un-vouched, personal peer-to-peer Venmo cash transfers (Gina-Capo) from Plaintiff as a prerequisite to providing certified court minutes, in direct violation of official statutory transcript fee caps *(22 NYCRR § 108.2)*.
2. When Plaintiff placed these illegal financial demands on the official record, the court issued an administrative order prohibiting Plaintiff from communicating with court staff or court reporters to order official minutes (Tr. p. 7, L. 13–17).
3. By erecting un-vouched financial tollbooths and banning a disabled veteran from ordering official transcripts, Defendants deprived Plaintiff of the fundamental tools necessary to create and preserve a record for judicial review.

## FIRST CAUSE OF ACTION

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)** *(Against All Defendants)*

1. Plaintiff realleges and incorporates Paragraphs 1 through 30 as if fully set forth herein.
2. Under Title II of the ADA, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. *42 U.S.C. § 12132*.
3. State court proceedings, appellate filing machinery, official transcript access, and judicial record systems are public "services, programs, or activities" operated by Defendants.
4. As established in *Tennessee v. Lane*, 541 U.S. 509 (2004), Title II enforces the constitutional mandate that state courts must remain open and accessible to all citizens, including disabled litigants.
5. Defendants violated Title II by: a. Refusing to provide reasonable accommodations to Plaintiff during an emergency weather travel advisory, resulting in the summary dismissal of his medical malpractice action; b. Maintaining electronic record databases that permit retroactive disposition modifications, preventing disabled *pro se* litigants from securing written, appealable orders; c. Authorizing court staff to reject appellate filings without judicial review; and d. Prohibiting Plaintiff from ordering public court minutes directly, while tolerating extrajudicial financial demands by court personnel.
6. Defendants acted with deliberate indifference to Plaintiff's federally protected rights, causing Plaintiff severe emotional distress, aggravation of service-connected disabilities, loss of property and legal remedies, and profound constitutional injury.

## SECOND CAUSE OF ACTION

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794)** *(Against All Defendants)*

1. Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully set forth herein.
2. Section 504 of the Rehabilitation Act prohibits discrimination against qualified disabled individuals under any program or activity receiving federal financial assistance. *29 U.S.C. § 794(a)*.
3. Defendants receive substantial federal financial assistance to operate state judicial facilities, court access programs, and law enforcement technology.
4. Defendants intentionally discriminated against Plaintiff solely on the basis of his disability and military service-connected mobility limitations by denying him meaningful program access, refusing reasonable accommodations, and erecting administrative and financial barriers to court facilities and records.

## THIRD CAUSE OF ACTION

**SYSTEMIC RETALIATION UNDER TITLE V OF THE ADA (42 U.S.C. § 12203)** *(Against All Defendants)*

1. Plaintiff realleges and incorporates Paragraphs 1 through 40 as if fully set forth herein.
2. Title V of the ADA explicitly prohibits public entities from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of any right granted or protected under the *ADA. 42 U.S.C. § 12203(b).*
3. When Plaintiff engaged in protected activity by filing ADA accommodation requests and federal lawsuits challenging court access failures, Defendants retaliated by: a. Retroactively altering computer system disposition dates; b. Issuing orders barring Plaintiff from submitting federal authority notices; and c. Imposing prohibitions barring Plaintiff from ordering public stenographic transcripts.
4. Defendants' retaliatory conduct was undertaken with malice and deliberate indifference, directly depriving Plaintiff of statutory and constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roderic James McCord respectfully requests that this Court enter judgment against Defendants granting the following relief:

A. **Declaratory Judgment:** A declaration that Defendants' policies, database practices, refusal of weather-related accommodations, and transcript gatekeeping violate *Title II of the ADA (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794);*

B. **Permanent Injunctive Relief:** An order directing Defendant Office of Court Administration to:

1. Vacate the retroactive electronic docket alteration in Supreme Court, New York County Index No. 101189/2025;
2. Reinstate Plaintiff's right to file pro se notices and state appellate filings;
3. Provide Plaintiff with complete, un-redacted certified court minutes for all hearing dates (including June 29, 2026, September 15, 2026, and September 16, 2026) without un-vouched peer-to-peer cash demands; and
4. Establish binding ADA accommodation guidelines for disabled litigants during official emergency weather advisories;

C. **Compensatory Damages:** An award of compensatory damages against Defendants in an amount to be determined at trial for severe emotional distress, loss of legal remedies, aggravation of service-connected disabilities, and institutional court-access deprivation;

D. **Litigation Costs:** An award of all costs, fees, and expenses incurred in prosecuting this federal action pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a; and

E. **Further Relief:** Such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 9, 2026 New York, New York

Respectfully submitted,

**RODERIC JAMES MCCORD**

Plaintiff Pro Se
205 West 119th Street, Apt 5D
New York, NY 10026
Tel: (646) 956-8677
Email: RappinRickJames@gmail.com